{¶ 27} Although I concur in the majority's disposition of the kidnapping conviction for insufficient evidence, I respectfully dissent from the majority's finding that there was insufficient evidence of rape under R.C. 2907.02(A)(1)(c) to send the charge to the jury. Construing the evidence in a light most favorable to the State, as we must, there is sufficient evidence in this record, if believed, that could lead a reasonable person to conclude that the victim's ability to consent was "substantially impaired" due to intoxication and that the defendant knew this or had a reasonable cause to believe it.
 {¶ 28} I accept the majority's position that to establish a substantial impairment the State must offer evidence to prove a reduction or decrease in the victim's ability to act or think. As the majority notes intoxication, even voluntary intoxication, of the victim can fall within the rubric of this offense under the plain statutory language. *Page 15 State v. Martin (Aug. 14, 2000), Brown App. No. CA99-09-026 ("we cannot say that it [R.C. 2907.02(A)(1)(c)] was not intended to criminalize conduct where the victim is `substantially impaired' because of intoxication.")
 {¶ 29} Here, the State offered evidence that the victim was in an alcohol-induced blackout and that the defendant, the bouncer, and the bartender recognized her as being intoxicated. The victim maintains that a "black curtain" came down on her at the club and remembers nothing until waking the next morning in a strange bed. While it is fair and certainly appropriate for the defense to argue that the victim engaged in consensual intercourse due to an alcohol-induced state of "lowered inhibitions" rather than being unable to consent or resist, it is not for the court to decide this factual point.
 {¶ 30} The evidence in this case is unlike the evidence at issue inSchmidt, where this Court vacated a sexual battery conviction due to insufficient evidence of the defendant's knowledge of that victim's substantial impairment. For example, in Schmidt, the victim recalled extensive details of the evening, and described her ability to walk, talk, and drive "normally." The other witnesses in Schmidt confirmed that the victim drove and parallel parked her car and did not appear to be overly intoxicated. In contrast, the victim in this case essentially has no recollection of the night or the sexual activities described by the defendant. Moreover, other witnesses recall that the victim here was very intoxicated, to the point that the bartender *Page 16 
stopped serving her alcohol, and observed that she was "slumping" and "not sitting up straight. Not really aware." At least to some eyewitnesses, the victim was displaying signs of being too intoxicated to perform ordinary functions. The majority opinion is full of instances illustrating the victim's overtly high level of intoxication. The record, in my view, contains sufficient probative evidence indicating that the defendant knew or had reasonable cause to believe that the victim was substantially impaired.
 {¶ 31} I would, therefore, affirm the decision of the trial court that overruled defendant's motion for acquittal on the rape count.
 *Page 1